```
                  IN THE UNITED STATES DISTRICT COURT
                 FOR THE WESTERN DISTRICT OF WISCONSIN
_____

BRIAN R. LOCKE,
                              Plaintiff,

      v.                                    MEMORANDUM and ORDER
                                                07-cv-480-jcs

MATTHEW FRANK and
GREGORY GRAMS,

                              Defendants.
_____
```

Plaintiff Brian R. Locke was allowed to proceed on his First Amendment claims against defendants Matthew Frank and Gregory Grams. In his complaint he alleges that the defendants denied him access to the courts and retaliated against him for filing lawsuits.

On December 26, 2007 defendants moved for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure, submitting proposed findings of fact, conclusions of law, affidavits and a brief in support thereof. This motion has been fully briefed and is ready for decision.

On a motion for summary judgment the question is whether any genuine issue of material fact remains following the submission by both parties of affidavits and other supporting materials and, if not, whether the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure.

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. An adverse party may not rest upon the mere allegations or denials of the pleading, but the response must set forth specific facts showing there is a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

There is no issue for trial unless there is sufficient evidence favoring the non-moving party that a jury could return a verdict for that party. If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

FACTS

For purposes of deciding defendants' motion for summary judgment the Court finds that there is no genuine dispute as to any of the following material facts.

Plaintiff Brian R. Locke is currently incarcerated at the Columbia Correctional Institution, Portage, Wisconsin (CCI). At all times material to this action defendant Matthew Frank was the Secretary of the Wisconsin Department of Corrections. Defendant Gregory Grams is the Warden of CCI.

Plaintiff was placed in Disciplinary Segregation Unit (DS2) at CCI in March 2007. Defendant Grams received a letter from plaintiff on July 2, 2007 stating that he wanted to discuss law library time. Grams responded that requests to extend law library time limits due to court deadlines must be directed to the Security Director.

Inmates in DS2 are allowed 1 address book, 10 sheets of carbon paper, 10 legal size envelopes, 25 stamped and/or unstamped regular envelopes, 2 pens, 2 pencils, 100 sheets of stationary paper, 6 hard or soft-covered books, 1 dictionary, legal materials withing the fire-safety standards, 4 magazines, 4 newspapers and 2 library state-issued library books.

Inmates in DS2 are allowed 30 minutes per request in the Law-Reference Library for a total of one hour per week. Inmates may receive a 1-one hour period in the library if time permits. An inmate may obtain an additional hour of law library time a week when he sends proof to institution staff that he has a court ordered deadline.

On June 24, 2008 plaintiff was granted one half-hour of law library time which he refused. On June 28, 2007 plaintiff used one half-hour of his one hour law library time. On July 1, 2007 plaintiff used an hour of law library time. On July 7, 9 and 13 plaintiff used the law library for one half hour. On July 17, 2007

plaintiff used one half hour of his one hour law library time. On July 20, 22 and 29, 2007 plaintiff refused his law library time.

On August 5, 2007 plaintiff used an hour of law library time. On August 7, 2007 plaintiff used one half hour of law library time. On August 15, 2007 plaintiff refused his law library time. On August 18 and 19 plaintiff used the law library for one hour. On August 29, 2007 plaintiff used one hour of law library time and was also authorized for one additional hour of library time each week. Each inmate is allowed to borrow three items from the main library at a given time.

The Division of Adult Institutions loans an indigent inmate up to $200.000 annually for supplies, photocopies and postage to allow them access to the courts for litigation related to their own cases. An extension on this limit can be granted.

On July 12, 2007 plaintiff wrote defendant Grams requesting an additional four hours of law library time per week because he had numerous cases. Defendant Grams responded that additional library time must be approved by the Security Director. Plaintiff wrote defendant Grams again on July 18, 2007 concerning law library time. Defendant Grams responded to him advising him again of the procedure of obtaining additional law library time.

On July 19 and 20, 2007 plaintiff wrote defendant Grams asking him whether his Knights petition was being copied. Defendant Grams responded that it was not because he had not received a legal loan

4

extension. On July 30, 2007 plaintiff informed the defendant that a Dane County Court judge had granted him a legal loan extension. On August 1, 2007 defendant Gramns appraised his request for an extension of his legal loan to have his Knights petition copied.

CCI was on lock-down from August 20 until August 23, 2007 and every inmate cell was searched. On August 22, 2007 plaintiff's cell was searched and staff found 1 altered television, 1 altered headphone, 8 extra pads of paper, 2 extra pads of carbon paper, 2 extra address books and 81 extra envelopes. These items were taken and held in the inmate complaint examiner's office. Plaintiff wrote defendant Grams concerning the confiscation of his property. Defendant Grams advised plaintiff to follow the proper procedure for resolving this issue by contacting the Security Director.

Defendant Matthew Frank had no personal involvement in the day to day operation of CCI.

## MEMORANDUM

Plaintiff claims that he was denied access to the Court. Inmates have a constitutional right to meaningful access to the courts through adequate law libraries or adequate assistance from persons trained in the law. Bounds v. Smith, 420 U.S. 817, 828 (1977). In order to prevail on a claim of denial of access to the courts plaintiff must demonstrate that he was injured by the denial of access. Lewis v. Casey, 518 U.S. 343, 351 (1996).

The undisputed facts indicate that plaintiff did receive adequate access to the Courts. He was provided law library time and a legal loan extension. In fact, plaintiff refused to use some of the law library time that he was provided. He also was provided writing materials at no cost to allow him to write to the courts.

Further, plaintiff has not shown that he was prejudiced in any pending or contemplated civil action. Accordingly, he cannot prevail on his claim that he was denied access to the courts.

Plaintiff also claims that he was retaliated against for filing law suits. To prevail on his retaliation claim plaintiff must prove that the defendants acted against him in retaliation for filing law suits and that they would not have taken the action absent the retaliatory motive. Mt. Healthy City School District v. Doyle, 429 U.S. 274, 287 (1977).

Plaintiff alleges that his cell was searched and his property seized because he had filed lawsuits. Every cell at CCI, however, was searched at CCI during the lock-down. Accordingly, plaintiff can not show that his cell would not have been searched absent a retaliatory motive. Plaintiff cannot prevail on his retaliation claim.

Plaintiff's First Amendment rights have not been violated by the defendants. Accordingly, the defendants' motion for summary judgment will be granted.

6

Plaintiff is advised that in any future proceedings in this matter he must offer argument not cumulative of that already provided to undermine this Court's conclusion that his claim must be dismissed. See Newlin v. Helman, 123 F.3d 429, 433 (7th Cir. 1997).

ORDER

IT IS ORDERED that defendant's motion for summary judgment is GRANTED.

IT IS FURTHER ORDERED that judgment be entered in favor of defendant against plaintiff DISMISSING plaintiff's complaint and all claims contained therein with prejudice and costs.

Entered this 29th day of January, 2008.

BY THE COURT:

/s/

JOHN C. SHABAZ
District Judge