IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BRIAN R. LOCKE,

                          ORDER
            Plaintiff,

                        3:07-cv-00480-jcs
      v.

MATTHEW FRANK,
GREGORY GRAMS and
JOHN DOE 1-35,

            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Because Judge Shabaz will be convalescing from shoulder surgery for a period of not less than sixty days beginning February 1, 2008, I have assumed administration of the cases previously assigned to him, including this one. The record shows that judgment was entered on January 31, 2008, after Judge Shabaz granted defendants' motion for summary judgment. Now, however, plaintiff has filed a notice of appeal. Because he has not paid the $455 fee for filing an appeal, I presume he wishes to proceed in forma pauperis.

Unfortunately for plaintiff, I conclude that he is not eligible to proceed on appeal in forma pauperis because he has struck out under 28 U.S.C. § 1915(g). Strikes have been recorded against him in at least three cases: Locke v. Meriter Hospital, 3:04-cv-00688-jcs

1

(W.D. Wis. Sept. 21, 2004);  <u>Locke v. Chiarkas</u>, 2:05-cv-00408-JPS (E.D. Wis. Oct. 25, 2005); and <u>Locke v. Meriter Hospital</u>, 3:04-cv-00614-jcs (W.D. Wis. Aug. 27, 2004). Because plaintiff has accumulated three strikes, so long as he is incarcerated he cannot file any new lawsuit or an appeal without prepaying the filing fee unless he can show that he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

Plaintiff has not made the required showing of imminent danger of a serious physical injury in this case.  Therefore, he cannot take advantage of the initial partial payment provision of § 1915.  He owes the $455 fee in full immediately.  He may delay payment for two reasons only: 1) his complete destitution; or 2) if he challenges in the court of appeals within thirty days of the date he receives this order the decision to deny his request for leave to proceed <u>in forma pauperis</u> on appeal because of his § 1915(g) status.  Fed. R. App. P. 24(a)(5).  If the court of appeals decides that it was improper to deny plaintiff's request for leave to proceed <u>in forma pauperis</u> because of his three-strike status, then the matter will be remanded to this court for a determination whether plaintiff's appeal is taken in good faith. If the court of appeals determines that this court was correct in concluding that § 1915(g) bars plaintiff from taking his appeal <u>in forma pauperis</u>, the $455 filing fee payment will be due in full immediately.  Whatever the scenario, plaintiff is responsible for insuring that the required sum is remitted to the court at the appropriate time.

Also, whether the court of appeals allows plaintiff to pay the fee in installments or

agrees with this court that he owes it immediately, plaintiff's obligation to pay the $455 fee for filing his appeal will be entered into this court's financial records so that it may be collected as required by the Prison Litigation Reform Act.

ORDER

IT IS ORDERED that plaintiff's request for leave to proceed in forma pauperis on appeal is DENIED because three strikes have been recorded against him under 28 U.S.C. § 1915(g).  Further, IT IS ORDERED that the clerk of court insure that plaintiff's obligation to pay the $455 is reflected in this court's financial records.

Entered this 11th day of February, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3