IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BRIAN R. LOCKE,

                                                         ORDER

                    Plaintiff,

                                           07-cv-480-jcs

    v.

MATTHEW FRANK,
GREGORY GRAMS and
JOHN DOE 1-35,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Following a decision in defendants' favor on a motion for summary judgment, a judgment of dismissal was entered in this case on January 31, 2008. On February 5, 2008, plaintiff filed a notice of appeal. I construed the notice to include a request for leave to proceed in forma pauperis on appeal and, in an order dated February 11, 2008, I denied the request after finding that plaintiff has struck out under 28 U.S.C. § 1915(g). On that same day, plaintiff filed a document titled "Motion to Reconsider." Because the motion to reconsider was filed within 10 days of the date judgment was entered, I construe it as a timely filed motion to alter or amend the Judgment pursuant to Fed. R. Civ. P. 59.

       A notice of appeal filed before the district court rules on a Rule 59(e) motion does not

1

take effect until the motion is disposed of. Fed. R. App. P. 4(a)(4)(A)(iv), (B)(i). Until then the appeal is suspended. Florian v. Sequa Corporation, 294 F.3d 828 (7th Cir. 2002) (citing Otis v. City of Chicago, 29 F.3d 1159, 1166 (7th Cir. 1994). Therefore, when I ruled on petitioner's request for leave to proceed in forma pauperis on appeal, the matter was not ripe for consideration. Nevertheless, the outcome will remain the same.

In his Rule 59 motion, plaintiff attempts to challenge the accuracy of a number of rulings on non-dispositive motions that were made by Judge Shabaz, the judge who presided over the case during its pendency. However, he does not point out any specific errors of law or fact that were made in any of those decisions. He appears simply to want to reargue the matters again. The purpose of a Rule 59 motion is to allow a party to bring to the court's attention newly discovered evidence or a manifest error of law or fact. E.g., Bordelon v. Chicago School Reform Bd. of Trustees, 233 F.3d 524, 529 (7th Cir. 2000). It is not intended to provide litigants an opportunity to simply reargue matters that have already been decided. Neal v. Newspaper Holdings, Inc. 349 F.3d 363, 368 (7th Cir. 2003).

Because plaintiff's motion contains nothing more than reargument and does not identify any particular errors of law or fact warranting amendment of the judgment, his motion pursuant to Fed. R. Civ. P. 59 will be denied.

For plaintiff's information, if he intends to challenge this order denying his Rule 59 motion, he will have to amend his notice of appeal in compliance with Fed. R. App. P. 3(c)

within 30 days of the date of entry of this order.  He is not required to pay an additional fee for filing his amended notice.  (Plaintiff is aware that he owes in full the $455 fee for filing his first notice of appeal because he has struck out under 28 U.S.C. § 1915(g).

ORDER

IT IS ORDERED that plaintiff's "Motion to Reconsider" (Dkt. #72), construed as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59, is DENIED.

Entered this 14th day of February, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge